# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH FISH, | * | |
| Plaintiff, | * | |
| | | Civil Action No. RDB-20-0018 |
| v. | * | |
| THE CINCINNATI INSURANCE COMPANY, *et al.*, | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

This case arises from alleged storm damage to a boat owned by Plaintiff Joseph Fish ("Plaintiff" or "Fish"). On November 25, 2019, Fish originally brought this action in Baltimore City Circuit Court against Defendants The Cincinnati Insurance Company ("Cincinnati Insurance") and HMS Insurance Associates, Inc. ("HMS"), asserting seven Counts of insurance-related claims against Cincinnati and one count of negligence "in the alternative" against HMS, Count IX, the sole count asserted against HMS.[1] (Compl., ECF No. 3.) This case was filed four days after the declaratory judgment action filed in this Court by Cincinnati Insurance against Fish on November 21, 2019. *See The Cincinnati Insurance Co. v. Fish*, Civil Action No. 1:19-cv-3355-RDB. This original state action was then removed to this Court on January 3, 2020. (Notice of Removal, ECF No. 1.) Presently pending in this case are Plaintiff's Motion for Remand (ECF No. 14) and Defendant HMS Insurance Associates,

---

[1] Although the Count against HMS is labeled "Count IX," the Complaint is missing a Count V, so the total number of Counts against Cincinnati is seven, and the eighth count is the negligence count against HMS. (*See* Compl., ECF No. 3.)

Inc.'s Motion to Dismiss (ECF No. 9). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Plaintiff's Motion for Remand (ECF No. 14) is DENIED and Defendant HMS Insurance Associates, Inc.'s Motion to Dismiss (ECF No. 9) is GRANTED.

**BACKGROUND**

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Plaintiff purchased a 2000 48-foot Ocean Cruiser Yacht SS ("vessel") some time before July 15, 2017. (Compl. ¶¶ 10, 17, ECF No. 3.) He contacted Defendant HMS for assistance in procuring an insurance policy for the vessel. (*Id.* ¶ 12.) HMS brokered the insurance policy ("Policy") between Plaintiff and Defendant Cincinnati Insurance, which was a "marine insurance, all risks, contract." (*Id.* ¶¶ 15, 16.) The Policy was issued in Plaintiff's name individually, although Plaintiff alleges that the vessel was owned by a Maryland limited liability company, of which Plaintiff was the sole member. (*Id.* ¶ 16.)

On or about July 15, 2017, Plaintiff alleges that he renewed the Policy with Cincinnati Insurance with a coverage period from July 15, 2017 through July 15, 2018. (*Id.* ¶¶ 17-19.) On or about July 23, 2017, while the vessel was moored at a marina located in Kent Island,

Maryland, Plaintiff alleges that a severe storm with hail and tornado force winds damaged the hull and interior of the vessel. (*Id.* ¶¶ 22-24.) Plaintiff asserts that he promptly informed Cincinnati Insurance of the damage, and that he spoke with a Cincinnati Insurance adjuster on or about July 26, 2017, who allegedly stated that "the interior damage caused by the water is covered under the policy." (*Id.* ¶¶ 25-26.) Jarrett Bay Boatworks performed an inspection of the vessel in or about August of 2018, without the presence of a Cincinnati Insurance representative. (*Id.* ¶¶ 31-32.)

On or about October 18, 2018, Plaintiff sent an estimated cost of the damages to Cincinnati Insurance, who then requested to inspect the vessel. (*Id.* ¶¶ 34-36.) Another inspection took place on or about November 1, 2018. (*Id.* ¶¶ 36-37.) Plaintiff alleges that Cincinnati Insurance agreed to pay $18,625.00 to Plaintiff under the Policy, denying coverage for the rest of the damage as it was caused by wear and tear. (*Id.* ¶¶ 42-43.) An additional inspection was held on or about April 16, 2019, which allegedly revealed more damage to the vessel than was previously found. (*Id.* ¶¶ 47-50.)

On or about May 9, 2019, Plaintiff filed a claim with the Maryland Insurance Administration ("MIA"), alleging that Cincinnati Insurance acted in bad faith when it handled Plaintiff's claim, in addition to other insurance violations. (*Id.* ¶ 55.) On or about July 3, 2019, the MIA issued a decision in favor of Cincinnati Insurance. (*Id.* ¶ 67.) On or about July 15, 2019, Plaintiff filed an appeal of the MIA's decision with the Office of Administrative Hearings. (*Id.* ¶ 68.) An initial hearing on Plaintiff's appeal was held at the Office of Administrative Hearings on November 4, 2019. (*Id.* ¶ 70.) On November 15, 2019, Cincinnati

Insurance agreed to waive further administrative proceedings, and Plaintiff withdrew his appeal. (*Id.* ¶¶ 71, 75.)

Within six days thereafter, on November 21, 2019, Defendant Cincinnati Insurance filed the declaratory judgment action in this Court. *See The Cincinnati Insurance Co. v. Fish*, Civil Action No. 1:19-cv-3355-RDB. Thereupon, four days later, on November 25, 2019, Plaintiff filed this action in Baltimore City Circuit Court, naming not only Cincinnati Insurance as a Defendant but also HMS as a Defendant. (Compl., ECF No. 3.) On January 3, 2020, Defendant Cincinnati Insurance removed this action to this Court under diversity of citizenship, alleging fraudulent joinder as to Defendant HMS, and under 28 U.S.C. § 1331, as the case involves questions of federal admiralty or maritime law. (Notice of Removal ¶¶ 6-9, ECF No. 1.) On January 10, 2020, Defendant HMS filed the presently pending Motion to Dismiss. (ECF No. 9.) On February 3, 2020, Plaintiff filed his Motion for Remand. (ECF No. 14.)

## STANDARD OF REVIEW

### I. Motion to Remand

A defendant in a state civil action may remove the case to federal court only if the federal court can exercise original jurisdiction over at least one of the asserted claims. 28 U.S.C. § 1441(a)-(c). Once an action is removed to federal court, the plaintiff may file a motion to remand the case to state court if there is a contention that jurisdiction is defective. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing jurisdiction in the federal court. *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). On a motion to remand, this Court must strictly construe the removal statute and resolve all doubts in favor

of remanding the case to state court." *Richardson v. Phillip Morris, Inc.*, 950 F. Supp. 700, 701-02 (D. Md. 1997) (citation omitted); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004).

Federal courts have original jurisdiction over two kinds of civil actions: those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States. U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a). If a civil action is not based on a question of federal law, then a federal court may only exercise original jurisdiction based on diversity of citizenship.

On removal based on diversity jurisdiction, a diverse defendant may assert the doctrine of fraudulent joinder, which "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citations omitted).

**II.     Motion to Dismiss**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The United States Supreme Court's opinions in *Bell Atlantic Corp. v.*

5

*Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Defendant Cincinnati Insurance removed this case to federal court based on diversity jurisdiction, asserting fraudulent joinder as to Defendant HMS. (Notice of Removal ¶¶ 6-8, ECF No. 1.)[2] Upon removal, the fraudulent joinder doctrine "permits a district court to

---

[2] While Cincinnati Insurance also asserts jurisdiction under 28 U.S.C. § 1331 and 1333 because the case involves questions of federal admiralty or maritime law, it must still assert an independent basis for federal jurisdiction. *See Cassidy v. Murray*, 34 F. Supp. 3d 579, 581, 2014 (D. Md. 2014 ("the saving to suitors clause precludes removal of general maritime claims without an independent jurisdictional basis."). Under 28 U.S.C. § 1333(1), a federal district court has original jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." This "saving to suitors" clause "preserves the role of state courts in the traditional administration of common law remedies in maritime matters." *Cassidy*, 34 F. Supp. 3d at 581 (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 362, 79 S. Ct. 468, 3 L.Ed.2d 368 (1959), *superseded by statute on other grounds by* 45 U.S.C. § 59)); *see also Servis v. Hiller Sys., Inc.*, 54 F.3d 203, 206 (4th Cir. 1995) ("Section 1333's saving to suitors' clause preserves a maritime suitor's election to pursue common-law remedies in state court.").

disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citations omitted). "To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transportation Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citations omitted).

In removing this case to federal court, Defendant Cincinnati Insurance argues that Defendant HMS was fraudulently joined because Plaintiff failed to assert a right to relief against it. In the same vein, Defendant HMS seeks dismissal of the sole Count of negligence asserted against it. There is no dispute that Plaintiff Fish is a citizen of Maryland, Defendant Cincinnati Insurance is a citizen of Ohio, and Defendant HMS is a citizen of Maryland. (Notice of Removal ¶¶ 6-7, ECF No. 1.; Compl. ¶¶ 1-3, ECF No. 3.) Plaintiff asserts that nondiverse Defendant HMS strips this Court of diversity jurisdiction. However, this Court finds that Plaintiff fraudulently joined Defendant HMS, as Defendant Cincinnati has demonstrated that Plaintiff has no right to relief against Defendant HMS. As a result, the Court will dismiss Defendant HMS from this action.

Plaintiff asserts only one Count of negligence, Count IX, against Defendant HMS "[i]n the alternative, should the Court find that there was no insurance policy between Plaintiff and Defendant Cincinnati Insurance." (Compl. ¶ 74, ECF No. 3.) Plaintiff alleges that, if no insurance contract is found to govern the dispute, HMS "owed a duty to Plaintiff on how to apply for the insurance from Defendant Cincinnati Insurance," and "HMS breached its duty

7

when it submitted the application for insurance for Plaintiff as an individual, rather than the corporate name." (*Id.* ¶¶ 179, 181.) This claim cannot stand, as Defendant Cincinnati Insurance has already conceded that a valid insurance policy governs the dispute. (*See* Cincinnati Insurance Answer ¶¶ 15-16, ECF No 8.)[3] Specifically, Cincinnati Insurance "admits that it entered into a contract of insurance with Mr. Fish for his Vessel, the terms, conditions, limitations, and exclusions of which are detailed in the insurance contract." (*Id.* ¶ 15.) In addition, "Cincinnati does not assert any defenses to coverage based on allegations that Mr. Fish's vessel may have been owned by an LLC, of which he was the sole member." (*Id.* ¶ 16.) Accordingly, Plaintiff's allegation that HMS negligently obtained insurance in Plaintiff's individual name rather than in his corporate name is not an issue affecting coverage under the insurance Policy.

Plaintiff attempts to salvage his negligence claim against Defendant HMS by arguing that Cincinnati may assert the maritime doctrine of *uberrimae fidei* as an affirmative defense. The doctrine of *uberrimae fidei*, "the highest degree of good faith," provides that "failure by the insured to disclose conditions affecting the risk, of which he is aware, makes the contract voidable at the insurer's option." *National Liability & Fire Ins. Co. v. Rooding*, Civil Action No. ELH-15-2572, 2017 WL 281994, at *9 (D. Md. Jan. 23, 2017) (quoting *Stipcich v. Metropolitan Life Ins. Co.*, 277 U.S. 311, 316 (1928)). Plaintiff argues that, if Defendant Cincinnati Insurance asserted this doctrine as a defense, then it would be able to escape liability under the insurance policy, and Defendant HMS would then be liable. However, Defendant Cincinnati Insurance

---

[3] Contrary to Plaintiff's assertion, this Court may take judicial notice of pleadings without converting a motion to dismiss into one for summary judgment. *See Papasain v. Attain*, 478 U.S. 265, 268 n.1, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

has not raised *uberrimae fidei* as a defense, and, indeed has explicitly noted its waiver of the defense. (Cincinnati Insurance Opp'n at 6, ECF No. 16 ("although it initially reserved the right to do so, Cincinnati has not asserted and is not asserting an *uberrimae fidei* defense.").)

Accordingly, Plaintiff's Motion for Remand (ECF No. 14) will be DENIED, as Defendant HMS was fraudulently joined because Plaintiff has no right to relief against Defendant HMS. Furthermore, for the reasons stated above, Defendant HMS's Motion to Dismiss Count IX (ECF No. 9), the only Count asserted against it, will be GRANTED.

## CONCLUSION

For the foregoing reasons, it is this 2nd day of April, 2020, HEREBY ORDERED that:

1. Plaintiff's Motion for Remand (ECF No. 14) is DENIED; and

2. Defendant HMS Insurance Associates, Inc.'s Motion to Dismiss (ECF No. 9) is GRANTED.

_____/s/_____
Richard D. Bennett
United States District Judge